The Hon. Richard A. Jones

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

BLAKE KIRVIN,

Defendant.

NO. CR21-002RAJ
 CR15-165RAJ

GOVERNMENT'S SENTENCING AND
SUPERVISED RELEASE DISPOSITION
MEMORANDUM

Comes now the United States of America, by and through Tessa M. Gorman,
Acting United States Attorney for the Western District of Washington, and Stephen
Hobbs, Assistant United States Attorney for said District, and files this Government's
Sentencing and Supervised Release Disposition Memorandum.

## I.     INTRODUCTION

Under cause number CR21-002, Blake Kirvin has pled guilty to one count of
being a *Felon in Possession of Firearm*. Under Cause number CR15-165, Kirvin will
admit to supervised release violations 1 to 3 and 6 to 10, and the government will dismiss
violations 4, 5 and 11. This is Kirvin's second federal conviction for being a felon in
possession of a firearm. The United States respectfully requests that the Court impose a

total sentence of 36 months imprisonment (27 months under CR21-002, consecutive to 9 months under CR15-165).

## II.    FACTUAL SUMMARY

During the early morning hours of July 22, 2020, Seattle, Washington, police officers responded to a report of a man passed out behind the wheel of his vehicle. Upon arrival, police contacted Blake Kirvin, who was the sole occupant of the vehicle and who was seated in the driver's seat. As they were in the process of informing Kirvin why he was being contacted, police observed the handle of a gun sticking out of his pants pocket. When asked if he had a concealed carry permit, Kirvin advised that he did not. Kirvin was asked to step out of the vehicle, which he did, and a Taurus .44 caliber revolver, was secured. Police then ran Kirvin's name and discovered an outstanding federal warrant (issued under CR15-165) and he was placed under arrest.

## III.    PROCEDURAL HISTORY

On May 22, 2020, the Court issued a warrant for Kirvin's arrest for outstanding violations of supervised release. On July 22, 2020, Kirvin was arrested for the events described in the previous paragraph. On July 28, 2020, Kirvin had his initial appearance in federal court on the supervised release violations and was detained. On February 1, 2021, Kirvin pled guilty to an Information alleging one count of *Felon in Possession of a Firearm*.

## IV.    STATUTORY PENALTIES

*Felon in Possession of a Firearm* is a punishable by a term of imprisonment of up to ten (10) years, a fine of up to two hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of no more than three (3) years, and a special assessment of one hundred dollars ($100).

## V.    THE SENTENCING GUIDELINES CALCULATION

The United States agrees with USPO's determination that Kirvin's total offense level (after acceptance of responsibility) is 12. The government also agrees that Kirvin is

*United States v. Kirvin*, CR21-002RAJ & CR15-165RAJ
Government's Sentencing & Disposition Memorandum - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Criminal History Category IV. Consequently, Kirvin's Sentencing Guidelines Range is 21 to 27 months.

## VI.  KINDS OF SENTENCES AVAILABLE

Because the guideline range falls within Zone D of the Sentencing Table, the minimum term must be satisfied by a term of imprisonment, pursuant to USSG § 5C1.1(f).

## VII.  SUPERVISED RELEASE VIOLATIONS (CR15-165RAJ)

Under CR15-165RAJ, the Probation Office has filed the following supervised release violations:

1.  Consuming marijuana                                                 12/4/2019
2.  Failing to report for drug testing                                  12/6/2019
3.  Consuming cocaine and marijuana                                     01/16/2020
4.  Committing the crime of theft second degree                         05/06/2019
5.  Committing the crime of driving while license suspended             06/05/2019
6.  Failing to notify probation of police contact                       01/20/2020
7.  Failing to participate in substance abuse treatment                 07/28/2020
8.  Failing to participate in mental health treatment                   07/28/2020
9.  Failing to report to probation                                      07/28/2020
10. Possession of a firearm                                             07/22/2020
11. Committing the crime of felon in possession of a firearm            07/22/2020

Pursuant to the Plea Agreement in CR21-002RAJ, Kirvin will admit violations 1 to 3 and 6 to 10. The government will dismiss violations 4, 5 and 11 (which are either pending in state court or are duplicative).

## VIII.  THE UNITED STATES SENTENCING RECOMMENDATION

The United States respectfully requests the Court sentence Kirvin to a total of 36 months incarceration (27 months under CR21-002, consecutive to 9 months under CR15-165).

//

*United States v. Kirvin*, CR21-002RAJ & CR15-165RAJ
Government's Sentencing & Disposition Memorandum - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**A.      Nature and Circumstances of the Offense.**

The circumstances of this offense are obviously concerning. Kirvin was prohibited from possessing firearms – and had previously been convicted in both state and federal court for illegally doing so – and yet once again was in possession of a handgun. Clearly the serious negative consequence of firearm possession -- and the risks possessing a firearm poses to the community, his friends, family and himself – have not been internalized by Kirvin.

**B.      History and Characteristics of the Defendant**

Kirvin has a prior adult state conviction for *Unlawful Possession of a Firearm in the Second Degree*. PSR ¶ 29. Kirvin was clearly on notice that it was illegal for him to possess firearms.

Of particular concern, however, are Kirvin's 2015 federal convictions for being a felon in possession of a firearm, for which he received a sentence of 36 months. PSR ¶ 32. In that case, Kirvin possessed a firearm when he was involved in a gang-related shootout in which at least one woman was shot and more than 80 spent shell casings were recovered. As he fled from the scene, Kirvin picked up another firearm from the ground because it was a "free gun." Then, after being arrested for the above-incident and released, Kirvin again chose to possess a handgun. Moreover, he did so while dealing drugs in downtown Seattle. In light of the limited prior time he had served, the government refrained from charging the obvious *Possession of a Firearm in Furtherance of Drug Trafficking* charge, thus sparing Kirvin the mandatory minimum 60-month sentence.

Kirvin suffers from PTSD as a result of his being shot in the face. PSR ¶¶ 50. Kirvin has also suffered an injury to his hand when a firework exploded in his hand. PSR ¶ 48. Kirvin has contracted the coronavirus, with ongoing side effects. PSR ¶ 47

Kirvin clearly has serious and extensive substance abuse issues. Kirvin admits to abusing marijuana, cocaine, heroin, and other narcotics. PSR ¶¶ 52-54. Kirvin started

*United States v. Kirvin*, CR21-002RAJ & CR15-165RAJ
Government's Sentencing & Disposition Memorandum - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  treatment for these issues upon his release from his previous federal sentence, but
2  ultimately failed to follow through and relapsed while on supervision. PSR ¶¶ 55.

3    Kirvin did not graduate from high school. While federally incarcerated he obtained
4  his GED. PSR ¶ 58. He does have training as a forklift operator. PSR ¶ 58.

5    Finally, Kirvin has an extremely limited employment history. PSR ¶¶ 61-62.

6  **C.   Government's proposed sentence: 36 months (total sentence).**

7    The government respectfully requests the Court sentence Kirvin to a total term of
8  incarceration of 36 months followed by three (3) years of supervised release.

9    In Kirvin's sentencing on the 2015 case, his Offense Level was higher due to the
10  possession of three firearms, the possession of a stolen firearm, and the possession of a
11  firearm in connection with another felony offense. The Guidelines Range at that time was
12  33 to 41 months and he received a 36-month sentence. A sentence of at least that length is
13  appropriate in the current case given that this is Kirvin's *fourth* conviction for unlawful
14  possession of a firearm. Simply put, Kirvin's repeated decisions to possess firearms – and
15  the circumstances in which he has done so – place himself, law enforcement, and the
16  community at risk at a significant sentence is required both as a matter of deterrence and
17  to protect the community.

18    The fact that Kirvin has been shot himself should have placed Kirvin on notice of
19  the risks associated with possessing firearm and the potential life-altering harm that such
20  a weapon can inflict. Kirvin's prior convictions, and the previous sentence imposed by
21  this Court, should have made it unequivocally clear that he would again be sent to prison
22  if caught with a firearm. That these facts have not deterred Kirvin from possessing a
23  firearm is concerning.

24    The government is requesting that the time imposed on the new criminal charge
25  run consecutively to the time imposed for the supervised release violations to take into
26  account the large number of violations of supervision, Kirvin's failure to proactively
27  follow through with the Court-ordered supervision, and his ultimate decision to abscond
28  from supervision.

*United States v. Kirvin*, CR21-002RAJ & CR15-165RAJ
Government's Sentencing & Disposition Memorandum - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    On a positive note, the government recognizes that Kirvin has obtained his GED

2  during his period of federal incarceration. Upon his release, Kirvin also appears to have

3  begun substance abuse and mental health treatment before failing to follow through and

4  relapsing. Finally, Kirvin at least appears to recognize the need and importance of

5  addressing his substance abuse and mental health issues while incarcerated and upon his

6  return to society.

### IX.    CONCLUSION

8    For the foregoing reasons, the United States respectfully requests that the Court

9  sentence Kirvin to 36-months incarceration (27 months under CR21-002 consecutive to 9

10  months under CR15-165), followed by three (3) years of supervised release (under CR21-

11  002RAJ). The government requests that supervision be terminated under CR15-165RAJ.

12  The United States also asks the Court to impose the conditions set forth in the

13  Presentence Report on behalf of United States Probation.

14    DATED this 10th day of June, 2021.

16                    Respectfully submitted,

17                    TESSA M. GORMAN
18                    Acting United States Attorney

19                    *s/ Stephen Hobbs*
20                    STEPHEN HOBBS
21                    Assistant United States Attorney
                      United States Attorney's Office
22                    700 Stewart, Suite 5220
                      Seattle, WA 98101-3903
23                    Telephone:    206-553-4301
24                    Fax:              206-553-0755
25                    E-mail:         stephen.p.hobbs@usdoj.gov

*United States v. Kirvin*, CR21-002RAJ & CR15-165RAJ
Government's Sentencing & Disposition Memorandum - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970