The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BLAKE L. KIRVIN,<br><br>Defendant. | NO. CR24-019 RAJ<br>CR21-002 RAJ<br><br>UNITED STATES SENTENCING AND SUPERVISED RELEASE DISPOSITION MEMORANDUM |

Blake Kirvin violated supervision by getting caught with a loaded gun with a round in the chamber and concealing his new arrest from Probation and the Court. As a result of his conduct, the United States asks for 37 months' custody in CR24-019 and revocation with 12 months custody and termination of supervised release in CR21-002.

**I.  INTRODUCTION**

Under cause number CR24-019, Blake Kirvin pled guilty to one count of being a Felon in Possession of Firearm in violation of Title 18, United States Code, Section 922(g)(1). Under cause number CR21-002, Kirvin will admit to his supervised release violations. This is Kirvin's fourth federal conviction for being a felon in possession of a firearm, and fifth overall conviction for such an offense. The United States respectfully

United States' Sentencing and Disposition Memorandum - 1
*United States v. Kirvin*, CR24-019 RAJ & CR21-002 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

requests that the Court impose a total sentence of 37 months imprisonment (37 months under CR24-019, concurrent with 12 months under CR21-002).

## II.     BACKGROUND

### A.     Offense Conduct

On the evening of April 11, 2023, Kent Police Department officers responded to a welfare check at an apartment complex in Kent, Washington. The reporting witness, a private security guard patrolling the complex, reported a male passed out in a running vehicle with a firearm sitting in his lap. Officers responded and identified Kirvin as the driver and sole passenger in the vehicle and determined he had an outstanding warrant related to his Assault 2nd Degree and Unlawful Possession of a Firearm 2nd Degree case pending in King County Superior Court (22-1-01437-3 SEA).

Officers executed a high-risk vehicle stop, pinning Kirvin's vehicle. Kent Police ordered Kirvin to put his hands in the air, which he did. However, Kirvin dropped his hands several times as he sat in the vehicle. Eventually, Kirvin exited the vehicle and was detained. Officers found a clear plastic bag of a white powder substance on his person. Officers also found a black Ruger firearm magazine loaded with .22 caliber rounds and 11 loose .22 caliber rounds in a sock within Kirvin's jacket pocket.

After confirming Kirvin was a convicted felon, officers obtained a search warrant for the vehicle. During the vehicle search, Kent police found a Glock 17 semi-automatic pistol located under the driver's seat. The Glock had an extended magazine attached to it capable of holding 31 rounds, with 26 rounds in the magazine and a round in the chamber.

### B.     Procedural History

On April 11, 2023, Kirvin was arrested by Kent Police for the events described in the previous paragraph. The case was referred to the King County Prosecutor's Office,

United States' Sentencing and Disposition Memorandum - 2
United States v. Kirvin, CR24-019 RAJ & CR21-002 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

who filed charges in August 2023. On August 28, 2023, the Court issued a warrant in CR21-002 for Kirvin's arrest for the following supervised release violations:

| | | |
|---|---|---|
| 1. | Committing the crime of felon in possession of a firearm | 4/11/23 |
| 2. | Failing to answer questions truthfully | 8/24/23 |
| 3. | Failing to disclose an arrest within 72 hours of arrest | 8/24/23 |

On September 6, 2023, Kirvin made his initial appearance in federal court on the supervised release violations and was detained. On January 30, 2024, Kirvin pled guilty in CR24-019 to an Information alleging one count of Felon in Possession of a Firearm.

**A.    Statutory Penalties**

Felon in Possession of a Firearm is a punishable by a term of imprisonment of up to fifteen (15) years, a fine of up to two hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of no more than three (3) years, and a special assessment of one hundred dollars ($100).

**II.    SENTENCING GUIDELINES CALCULATIONS AS TO NEW OFFENSE**

The United States agrees with the United States Probation Office's determination that Kirvin's total offense level, after acceptance of responsibility, is 17. The government also agrees that Kirvin falls in Criminal History Category IV. Consequently, Kirvin's sentencing guidelines range is 37 to 46 months on his new offense.

**III.    SUPERVISED RELEASE VIOLATION GUIDELINES CALCULATIONS**

The government agrees with United States Probation's calculation that Kirvin has committed a Grade B violation and has a criminal history category of IV, with a range of imprisonment of 12 to 18 months.

Pursuant to the Plea Agreement entered in CR24-019, Kirvin will admit to the violations and submit a jointly agreed sentence of 12 months imprisonment upon revocation.

United States' Sentencing and Disposition Memorandum - 3
*United States v. Kirvin*, CR24-019 RAJ & CR21-002 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## V. SENTENCING RECOMMENDATION

The United States respectfully requests that the Court sentence the defendant to a total of 37 months of confinement (37 months under CR24-019, concurrent with 12 months under CR21-002), followed by a 3-year term of supervised release. A review of pertinent Section 18 U.S.C. §§ 3553(a) sentencing factors, below, supports the recommended sentence.

**A.    Nature and Circumstances, and Seriousness of the Offense**

The nature and circumstances of the offense are concerning. Kirvin was asleep in a running car with a high capacity firearm, with an extended magazine and a round in the chamber, in his lap. Kirvin was prohibited from possessing firearms—having previously been convicted multiple times in state and federal court for doing so—and yet possessed a gun for the *fifth* time . Not only did he possess a gun, he had a semi-automatic Glock with an extended magazine capable of holding 31 rounds, loaded with 26 rounds. He also possessed a black Ruger handgun magazine along with additional loose ammunition. Kirvin's possession of even one firearm is cause for concern—that he had a weapon capable of inflicting mass injury with a high capacity magazine demonstrates Kirvin has no regard for this Court's orders nor the risks possessing a firearm poses to his community and himself.

**B.    History and Characteristics of the Defendant**

Kirvin has multiple prior convictions for unlawfully possessing a firearm, leaving no doubt that he is well aware that his firearm possession is unlawful. He has a 2011 adult state conviction for unlawful possession of a firearm in the second degree. PSR ¶ 28.

In 2015, Kirvin was convicted in federal court of two counts of felon in possession of a firearm. PSR ¶ 31. In that case, Kirvin possessed a firearm when he was involved in a gang-related shootout in which at least one woman was shot and more than 80 spent shell casings were recovered. As he fled from the scene, Kirvin picked up another firearm

United States' Sentencing and Disposition Memorandum - 4
*United States v. Kirvin*, CR24-019 RAJ & CR21-002 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

from the ground because it was a "free gun." Then, after being arrested for the above-incident and released, Kirvin again chose to possess a handgun. Moreover, he did so while dealing drugs in downtown Seattle. In light of the limited prior time he served, the government refrained from charging Possession of a Firearm in Furtherance of Drug Trafficking charge, sparing Kirvin the mandatory minimum 60-month sentence. He instead received a sentence of 36 months. PSR ¶ 31.

In 2021, Kirvin was, again, convicted of felon in possession of a firearm in federal court and received a sentence of 18 months consecutive to 6 months imposed for his supervised release violation on CR15-165 RAJ. The circumstances leading to this conviction were uncannily similar to those in the present case. In the early morning hours in July of 2020, officers responded to a report of a man passed out behind the wheel of his vehicle. Officers contacted Kirvin, who was the sole occupant of the vehicle and seated in the driver's seat. As officers informed Kirvin why he was being contacted, they observed the handle of a gun sticking out of his pants pocket. When asked if he had a concealed carry permit, Kirvin advised he did not. When Kirvin stepped out of the vehicle, officers secured the Taurus .44 caliber revolver from his person. Officers ran Kirvin's name and discovered an outstanding federal warrant (issued under CR15-165) and he was placed under arrest.

Overall, Kirvin has a lengthy history with the criminal justice system and with the consequences of his illegal firearm possession, in particular. Based on this history, Kirvin is well aware of the danger firearms pose to others who are shot. He also knows that such possession can and will land him in prison for years should he be caught. Yet, even with the support of Probation while on supervision, Kirvin cannot stop committing new crimes.

As outlined in the PSR, Kirvin history presents some mitigating information at sentencing. Kirvin suffers from PTSD as a result of his being shot in the face. PSR ¶ 49. Kirvin also suffered an injury to his hand when a firework exploded in his hand. PSR ¶

United States' Sentencing and Disposition Memorandum - 5
United States v. Kirvin, CR24-019 RAJ & CR21-002 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

47. He is otherwise in good physical health. PSR ¶ 47. Kirvin suffers from lengthy and serious substance abuse issues. After attending Valley Cities treatment facility after his release from custody in 2022, Kirvin relapsed and admits to abusing spice, alcohol, and marijuana. PSR ¶ 59. Though he did not graduate high school, Kirvin obtained his GED while incarcerated at the Federal Detention Center in Sheridan, Oregon in 2016. PSR ¶ 61, 62. He has training as a forklift operator. PSR ¶ 62. Kirvin has an extremely limited employment history. PSR ¶ 65 – 67.

C.    **Government's Proposed Sentence: 37 months**

The government respectfully requests the Court sentence Kirvin to a term of 37 months followed by three (3) years of supervised release.

In Kirvin's 2015 Felon in Possession case, he received a sentence of 36 months. His guidelines range in that case was 33 to 41 months, given he possessed three firearms, possessed a stolen firearm, and possessed a firearm in connection with another felony offense.

In Kirvin's 2021 Felon in Possession case, Kirvin's guidelines sentencing range after acceptance of responsibility was 21 to 27 months. The government requested a high-end sentence of 27 months, to run consecutive to the requested 9-month sentence on his 2015 supervised release case. Kirvin ultimately received an 18-month sentence that ran consecutive to his 6-month sentence on his 2015 supervised release revocation, for a total sentence of 24 months imprisonment.

Now, once again, Kirvin appears before this Court for illegally possessing a firearm. Despite representing to this Court that he was doing well on supervised release, Kirvin continued to violate the law and this Court's orders by possessing a modified firearm capable of inflicting mass injury and hiding this new law violation from his Probation officer. Prior interventions by Probation, this Court, and substance and mental health treatment providers have fallen on deaf ears, and an extended term of

United States' Sentencing and Disposition Memorandum - 6
*United States v. Kirvin*, CR24-019 RAJ & CR21-002 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imprisonment is necessary to protect the community and Kirvin from himself as he is unable and unwilling to let go of his penchant for firearms.

The fact that Kirvin has been on the receiving end of gun violence himself should have placed him on notice of the risks associated with possessing a firearm and the potential life-altering harm that such a weapon can inflict. Kirvin's *several* prior convictions and the previous sentences imposed by this Court should have made it unequivocally clear that he would again be sent to prison if caught with a firearm. That these facts have not deterred Kirvin from possessing a firearm is alarming.

The requested low-end guidelines sentence in CR24-019 is appropriate and necessary to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense while protecting the public from further crimes of Kirvin and, hopefully, affording adequate deterrence to criminal conduct. Kirvin's prior sentence of 36 months (CR15-165) and 18 months (CR21-002) clearly did not accomplish these goals with respect to Kirvin's cognitions and behavior when encountering firearms. Kirvin has struggled while on supervision. With a fifth conviction for felon in possession of a firearm, and a sixth anticipated in King County Superior Court, Kirvin has exhausted the Court's attempted interventions. Reasonable alternatives to imprisonment are simply not sufficient here.

The government acknowledges that, over the years, Kirvin has made strides towards bettering himself and assimilating to the community. He received his GED while incarcerated and underwent mental health and substance abuse treatment upon his release before failing to follow through with treatment and ultimately relapsing.

The government is requesting that the time imposed on the new criminal charge run concurrent with the time imposed for the supervised release violations to account for the fact that Kirvin's supervised released violations are solely related to his new criminal charge, and there are no pending violations related to failure to report to Probation generally or substance abuse. Further, the request for concurrent time considers the

United States' Sentencing and Disposition Memorandum - 7
*United States v. Kirvin*, CR24-019 RAJ & CR21-002 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

additional time Kirvin will serve at King County based on the global resolution in this case. By law, Kirvin's sentence in King County Superior Court cannot run concurrent to his supervised release sentence ordered by this Court. RCW 9.94A.589.

## VI.   CONCLUSION

For all of the reasons set forth above, the government respectfully requests the Court sentence Kirvin to 37 months incarceration (37 months under CR42-019 concurrent with 12 months under CR21-002), followed by three (3) years of supervised release under CR24-019 RAJ. The government requests that supervision be terminated under CR21-002 RAJ. Last, the government also asks the Court to impose the conditions set forth in the Presentence Report on behalf of United States Probation.

DATED this 24th day of April, 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

 *s/ Sanaa Nagi*
SANAA NAGI
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Email: Sanaa.Nagi@usdoj.gov

United States' Sentencing and Disposition Memorandum - 8
*United States v. Kirvin*, CR24-019 RAJ & CR21-002 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970